Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5200 | **DATE** | 4/14/2004 |
| **CASE TITLE** | SAMUELSON TRADING CORP. V. SAMUEL D. WAKSAL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Motion (14-1) to dismiss and (14-2) for more definite statement is denied. Enter Memorandum Opinion and Order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | APR 19 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 18 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SAMUELSON TRADING CORP.,

    Plaintiff,

v.

SAMUEL D. WAKSAL,

    Defendant.

No. 03 C 5200
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

This lawsuit arises out of Defendant Samuel Waksal's allegedly improper purchase of ImClone put options from Plaintiff Samuelson Trading Corp. ("Samuelson"). In Counts I-III of its Complaint, Samuelson alleges that Waksal willfully and intentionally violated Section 10(b), Rule 10b-5, and Section 20A of the Securities Exchange Act of 1934. Waksal now moves to dismiss Count II of the Complaint in its entirety and/or certain portions of Count I and II, pursuant to Fed. R. Civ. P. 12(b)(6), and for a more definite statement as to Count III, pursuant to Fed. R. Civ. P. 12(e) and 9(b).

### I. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) is proper where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing a motion to dismiss, the court must construe all allegations in the complaint in the light most favorable to the plaintiff and accept all well-pled facts and allegations as true. *Bontkowski v. First Nat'l Bank*, 998 F.2d 459, 461 (7th Cir. 1993).

Waksal moves to dismiss Count II on the grounds that a plaintiff may not, in the alternative, seek damages against a defendant under Section 10b/Rule 10b-5 and Section 20A. Count I seeks damages for Samuelson's sale of 110 ImClone put options to Waksal, in violation of Section 10(b) and Rule 10b-5, and Count II seeks damages for Samuelson's contemporaneous sale of ImClone put options to persons other than Waksal, in violation of Section 20A. Waksal relies on *Fujisawa Pharm. Co. v. Kapoor*, 115 F.3d 1332, 1337 (7th Cir. 1997) to support the proposition that a plaintiff may not simultaneously maintain a Section 10b/Rule 10b-5 and a Section 20A claim against a single defendant.

In *Fujisawa*, the Court found that a cause of action under Section 20A applied only where the contemporaneous trading was done with a party other than the defendant. *Id.* To find otherwise, the Court reasoned, would allow the plaintiff two causes of action for the same violation. *Id.* Since the plaintiff in *Fujisawa* had only traded with the defendant, the Court found that a Section 20A claim could not be used alternatively with a Section 10(b) claim. *Id.* In this case, unlike *Fujisawa*, the put option sales on which Samuelson bases its Section 20A claim are independent of the put option sales made by the defendant. Since Samuelson made contemporaneous sales of ImClone put options to persons other than Waksal, I find it may properly assert both a Section 10(b)/Rule 10b-5 and a Section 20A claim against Waksal.

Waksal also moves to dismiss any portion of Count I or Count II related to trades made by Samuelson on December 27, 2001. Waksal argues that neither Rule 10b-5 nor Section 20A allows recovery for trading activity engaged in before the date he allegedly traded on material, non-public information. While this may be true, Samuelson does allege that Waksal's improper trading began on December 27th when he "caused his daughter to sell $2 million worth of

2

ImClone stock." Accordingly, I find that Samuelson's claims related to trading that took place on December 27, 2001 may stand.

II. Rules 12(e) and 9(b)

In his motion, Waksal also asks me to order, pursuant to Rule 12(e), a more definite statement as to the "others" who bought ImClone put options from Samuelson. As a general rule, the court should order a more definite statement "when a defendant is unclear about the meaning of a particular allegation in the complaint." *Am. Nurses' Ass'n v. Illinois*, 783 F.2d 716, 725 (7th Cir. 1986). Rule 12(e), Waksal argues, is particularly relevant to an allegation of fraud, which, according to Rule 9(b), must be pled "with particularity." The purpose of the heightened pleading standard under Rule 9(b) is to provide the defendant fair notice of the basis of plaintiff's claim and to protect defendant's reputation from groundless accusations of fraud. *Dexia Credit Local v. Rogan*, No. 02 C 8288, 2003 U.S. Dist. LEXIS 18368 at *30 (N.D. Ill. Oct. 10, 2003).

Samuelson's Complaint succeeds in this purpose. The Complaint adequately details the alleged fraud and provides fair notice of the claims. Specifically, it alleges that Waksal learned of material, nonpublic information on December 26, 2001 and, without disclosing that information, caused his daughter to sell stock and purchased put options on December 27, 2001 and December 28, 2001 respectively. Samuelson further alleges that this led it to sell ImClone put options to both Waksal and to others at a price that was below their actual market value[1] on December 27th and December 28th. To prove these damages, Samuelson will have to provide

---

[1] Had Samuelson learned that the FDA was going to reject ImClone's application to approve Erbitux, ImClone's primary product, it would have set a higher price for the ImClone put options.

3

detailed information about its sale of ImClone put options. However, I find it needn't do so in its complaint.

For the reasons stated herein, Waksal's Motion to Dismiss and For a More Definite Statement is DENIED.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: 14 April 2004